| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br> BOUSTEAD SECURITIES, LLC.,               :<br>                                                          :<br>                                Plaintiff,   :<br>                                                          :<br>                      -against-          :<br>                                                          :<br>LEAPING GROUP CO., LTD. AND ATIF      :<br>HOLDINGS LIMITED,                             :<br>                                                          :<br>                                Defendants. :<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/22/2020<br><br><br>20-CV-3749 (VEC)<br><br>OPINION AND ORDER |

**VALERIE CAPRONI, United States District Judge:**

Plaintiff Boustead Securities, LLC sued Defendants Leaping Group ("Leaping") and ATIF Holdings ("ATIF") for breach of contract, breach of the implied covenant of good faith and faith dealing, tortious interference with business relations, and *quantum meruit*. Compl., Dkt. 5. Now before the Court is Leaping's motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). For the foregoing reasons, Defendant's motion to dismiss is HELD IN ABEYANCE. Plaintiff is directed to serve Defendant Leaping properly within the next 60 days and post proof of service on ECF. If Plaintiff fails to serve Defendant properly within 60 days of the date of this opinion and order, the Court will grant Defendant's motion to dismiss pursuant to Rule 12(b)(5).

## BACKGROUND

The Court will focus on the factual background that is relevant to the pending motion. In October 2018, Plaintiff, a broker/dealer and financial consulting firm, entered into an exclusive financial advisor agreement with Defendant Leaping, a Chinese corporation, in anticipation of Leaping's initial public offering and pre-IPO financings. *See* Compl. ¶¶ 1, 14. On January 2, 2019, Leaping submitted a Form F-1 Registration Statement to the SEC that appointed Hunter

1

Taubman Fischer & Li LLC ("Hunter Taubman") as a limited agent to receive service of process for actions "brought against [Leaping] in the United States District Court for the Southern District of New York under the federal securities laws of the United States or of any state in the United States…" Dkt. 23-2.

On May 14, 2020, Plaintiff filed the complaint in this case; the complaint does not assert any claims under federal or state securities laws. *See* Compl. On June 16, 2020, Plaintiff delivered the summons and complaint to Hunter Taubman by email. Dkt. 27-4. On June 30, 2020, Defendant informed Plaintiff that Hunter Taubman was not authorized to accept service of process for the causes of action asserted in the complaint and requested that Plaintiff properly serve Defendant. Dkt. 27-5 at 2 ("You should identify the registered agent and proceed as the law requires."). Despite having ample time remaining under Federal Rule of Civil Procedure 4(m) to serve Defendant, Plaintiff maintained that service on Hunter Taubman was proper and refused to re-serve Defendant. *Id.*

## DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). A defendant may move to dismiss a complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). If a defendant moves to dismiss for insufficient service of process, the "plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano,* 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). In evaluating a motion to dismiss for insufficient service of process, a court may look to materials outside of the pleadings. *Darden v. DaimlerChrysler N. Amer. Holding Corp.,* 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). If the Court finds that service was insufficient, the Court "has discretion to

dismiss the action, but dismissal is not mandatory"; the Court may instead grant plaintiff leave to properly serve the defendant. *Stone v. Ranbaxy Pharm., Inc.,* No. 10-CV-8816, 2011 WL 2462654, at *6 (S.D.N.Y. June 16, 2011).

Service on a corporation is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h) provides that service upon a domestic or foreign corporation within a judicial district of the United States may be effectuated: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1) authorizes a party to effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under New York law, a foreign corporation may be served by: (i) personally serving the secretary of state of New York and either mailing or personally delivering a notice and copy of the same to the foreign corporation, N.Y. Corp. Law § 307(b) (McKinney 2010); or (ii) delivering the foreign corporation's summons "to any officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. Civil Law § 311 (McKinney 2010).

Here, Plaintiff argues that service on Hunter Taubman was sufficient because the firm was "designated as [Defendant's] agent for service for actions brought in this district … for precisely the type of claims brought in this action." Pl. Opp., Dkt. 27 at 6. The Court disagrees. The plain text of the registration statement indicates that Defendant appointed Hunter Taubman

as a *limited* agent to receive service of process only for cases brought against Defendant under federal or state securities laws.[1]  As noted *supra,* Plaintiff's complaint asserts common law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with business relations, and *quantum meruit*.[2]  *See* Compl. ¶¶ 47-74.  As a result, Hunter Taubman is not an "agent authorized by appointment" to receive service in this case.  Nor is Hunter Taubman "an agent authorized by appointment" to receive service on behalf of Plaintiff, "solely by reason of [its] capacity as an attorney."  *Gibbs v. Hawaiian Eugenia Corp.*, 581 F. Supp. 1269, 1271 (S.D.N.Y. 1984); *Broman v. Stern*, 172 A.D.2d 475, 476 (2nd Dep't 1991) ("an attorney is not automatically considered the agent of his client for the purposes of the service of process.").  Moreover, Plaintiff served Hunter Taubman by email and offers no explanation for why service by email rather than personal delivery is sufficient under New York law without prior Court approval.[3]

The Court rejects Plaintiff's argument that it had "no reason to believe that service upon Leaping's registered agent was ineffective," because Hunter Taubman "made no objection to the sufficiency of service."  Pl. Opp., Dkt. 27 at 5.  At the outset the Court notes that Hunter

---

[1] The Court also notes that the registration statement designating Hunter Taubman as even a *limited* agent was withdrawn in March 2020, two months before Plaintiff initiated this action.  Thus, Plaintiff's statement that Hunter Taubman was "Leaping's registered agent at the time of service," Pl. Opp., Dkt. 27 at 1, is plainly incorrect.

[2] Plaintiff's argument that this case somehow arises under the securities laws because the alleged breach of contract "relates to an agreement by which Leaping was to offer securities on United States markets," Pl. Opp., Dkt. 27 at 7, is unpersuasive.  Plaintiff's complaint asserts common law claims stemming from an alleged breach of the parties' agreement.  *See* Compl. ¶¶ 47-74.

[3] Plaintiff's service by email distinguishes this case from ones in which a process server actually goes to a corporation's office and personally serves a corporate employee.  In those situations, courts in this district have held that "when personally serving a foreign corporation, reliance may be based on the corporate employees to identify the proper person to accept service … [and] if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained."  *Stone,* 2011 WL 2462654, at *6 (internal citation omitted).  Here, however, not only is Hunter Taubman not Defendant's corporate employee, but Plaintiff did not personally serve Hunter Taubman.  Moreover, given the express limitation on Hunter Taubman's authority to receive service of process, Plaintiff's service of the complaint was not "calculated to give the corporation fair notice."

Taubman did not affirmatively confirm that service was effective; it merely confirmed receipt of the email containing the summons and complaint. Dkt. 27-4. More significantly, Plaintiff's contention that it had "no reason to believe that service on Hunter Taubman was ineffective" is nonsensical. As noted *supra,* Defendant's F-1 Registration statement is unambiguous that Hunter Taubman was authorized to accept service only for cases brought under the securities laws.[4] Further demonstrating the disingenuousness of Plaintiff's protestation that it had no reason to believe service was ineffective, Defendant's counsel expressly informed Plaintiff that Hunter Taubman was not authorized to accept service and requested that Plaintiff serve Defendant through alternate means. Dkt. 27-5. Thus, Plaintiff had, at the minimum, two reasons to know that service on Hunter Taubman had been ineffective, and Plaintiff had ample time to serve Defendant properly.[5]

Plaintiff's argument that service was sufficient because Defendant received notice of Plaintiff's claims and "failed to identify any prejudice", Pl. Opp., Dkt. 27 at 7, is similarly unpersuasive. Although "actual receipt of notice" is a factor courts consider in evaluating 12(b)(5) motions, "actual receipt of notice *alone*, [], cannot cure an otherwise defective service." *Zen Music, Inc. v. CVS Corp.,* No. 98-CV-4246, 1998 WL 912102, at *2 (S.D.N.Y. Dec. 30, 1998) (emphasis added). Here, while Defendant does not dispute that it received notice

---

[4] It is a well-established principle of agency law that a "person with notice of a limitation which has been placed on an agent's authority cannot subject the principal to liability upon a transaction with the agent if he knows or should know that it is outside the scope of the agent's authority." *Scientific Holding Co. v. Plessey, Inc.,* 510 F.2d 15, 24 (2d Cir. 1974). Here, Plaintiff had notice of an express limitation that Defendant placed on its agent's ability to accept service.

[5] Had Plaintiff informed the Court that it was having difficulty serving Defendant and requested an extension of time to serve Leaping or sought permission to use alternative means of service, as it did with Defendant ATIF, the Court would have gladly considered that request. *See* Dkt. 36. Instead of pursuing either option, however, Plaintiff dug in its heels, stomped its feet, and insisted that service on Hunter Taubman was sufficient despite knowing full well that Defendant intended to challenge the sufficiency of service. The Court is at a loss to understand Plaintiff's strategy of intentionally causing itself to have to respond to a winning motion to dismiss that easily could have been avoided.

of the complaint, that receipt alone does not render Plaintiff's service effective under Federal Rule of Civil Procedure 4(h).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is HELD IN ABEYANCE. Plaintiff is ordered to properly serve Defendant within 60 days of this order and post proof of service on ECF. If Plaintiff fails to serve Defendant within the next 60 days, the Court will grant Defendant's motion to dismiss for insufficient service of process.

**SO ORDERED.**

**Date: October 22, 2020**
**New York, NY**

*[signature: Valerie Caproni]*

**VALERIE CAPRONI**
**United States District Judge**