UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOUSTEAD SECURITIES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>LEAPING GROUP CO., LTD. and<br>ATIF HOLDINGS LIMITED<br><br>Defendants. | Civil Action No. 1:20-cv-03749-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT LEAPING GROUP CO., LTD.**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff, Boustead Securities, LLC ("Boustead") asks the Court to allow alternative service on Defendant Leaping Group Co. Ltd. ("Leaping") through (a) its counsel or (b) its parent company, Defendant ATIF Holdings Limited ("ATIF"). The Court previously ruled that Boustead failed to properly serve Leaping and that Boustead should have sought leave for alternative service, just as it did for ATIF. *See* October 22, 2020 Order (Docket Entry ("DE") 45). Boustead unsuccessfully attempted to avail itself of Leaping's designated agent relating to the securities laws. Boustead seeks alternative service because, unlike, ATIF, Leaping is a Chinese entity without any domestic agent, office, assets, or registration/affiliation with any state agency. ATIF has a physical office in Southern California. In other words, ATIF and Leaping's situations are dissimilar and, absent alternative service, Leaping is effectively service proof in the United States.

As explained below, service of process on Leaping through counsel or ATIF is fair under these circumstances. Notice and an opportunity to respond (due process concerns) are not at issue

1

here. ATIF is Leaping's parent company and both companies have the same counsel - - indeed, the financial transaction by which ATIF became Leaping's parent is at issue in this lawsuit.

Boustead has also delivered copies of the summons and complaint in China, for notice purposes, since official service must proceed through the Hague Convention, to which China is a signatory. (*See* Declaration of Jack I. Siegal (("Siegal Decl.")), Exhibit A). The Court has allowed Boustead sixty (60) days from October 22, 2020 to serve Leaping; the Hague Convention process, however, may take months, if not longer, without assurance that Chinese authorities will allow service. Boustead has initiated the process and expects to see it through to completion.

The circumstances, therefore, warrant allowing Boustead to serve Leaping by an alternative method. Boustead proposes service through Lewis Brisbois Bisgaard & Smith, LLP, counsel to both defendants in this action, or through ATIF (the parent company) in the manner previously prescribed by the Court for such alternative service. (DE 36). Alternatively, Boustead requests additional time to effect service on Leaping through the Hague Convention.

## FACTUAL BACKGROUND

On May 15, 2020, Boustead filed its Complaint against Leaping and ATIF alleging breaches of contract. In short, Boustead had agreements with each defendant to act as their exclusive financial advisor during a specifically defined period, along with standard "tail" provisions. (DE 5). The Complaint alleges that Leaping and ATIF entered into a financing transaction with each other during the applicable period which requires each to pay Boustead a success fee, which they did not do. (*Id.*) The transaction between Leaping and ATIF leaves ATIF with a controlling interest in Leaping, making ATIF Leaping's "parent" company.

For brevity's sake, Boustead will not repeat the prior motion practice and underlying events which led to the October 22, 2020 Order granting Leaping's Motion to Dismiss pursuant to Fed. R.

Civ. P. 12(b)(5). (DE 45). To clarify, ATIF has a registered agent located in Rancho Cucamonga, California. Declaration of Michael Burke (DE 35). Leaping does not have a registered agent anywhere in the United States. Boustead asked Leaping's counsel directly to disclose who is an appropriate agent for service and where they can be served; Leaping's counsel responded that they are under no obligation to reveal that information and will not do so.

Since the Court's October 22nd Order, Boustead has retained Chinese counsel to provide a copy of the summons and complaint to Leaping in China. (*See* Siegal Decl., Exhibit A). Boustead is doing everything reasonably possible to ensure that Leaping received notice of the lawsuit and the papers.

Boustead has also taken steps to begin the process of service on Leaping through the Hague Convention, to which China is a signatory. (*See* Siegal Decl., Para.10). Boustead is advised that service through the Hague Convention could take months and there is no guarantee that China will authorize service on Leaping.

## **ARGUMENT**

**I.    THE COURT SHOULD PERMIT BOUSTEAD TO SERVE LEAPING THROUGH LEWIS BRISBOIS OR DEFENDANT ATIF.**

Federal Rule of Civil Procedure 4(h) describes methods of serving process on a foreign corporation. *See* Fed. R. Civ. P. 4(h). Permissible methods include: (a) delivering a complaint and summons to any agent within the United States authorized to receive service of process; or (b) by internationally agreed means of service, such as the Hague Convention, or by other means not prohibited by international agreement. *See* Fed. R. Civ. P. 4(h)(1)(B), 4(h)(2); 4(f)(1-3).

The party seeking alternative service under Rule 4(f)(3) must show (a) that it reasonably attempted to effectuate service on the defendant; and (b) the circumstances require the court's intervention. *See Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330-31 (S.D.N.Y.

2015) (*citing Devi v. Rajapaska*, 2012 U.S. Dist. LEXIS 12382 (S.D.N.Y. Jan 31, 2012)) (allowing service by email on foreign corporation defendant); *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 265 (S.D.N.Y. 2012) (allowing service through defendants' United States counsel). Applying Rule 4(f)(3) and its predecessor, courts have authorized a variety of alternative service methods, including delivery to the defendant's attorney. *See Rio Props. v. Rio Int'l Interlin*, 284 F.3d 1007, 1016 (9th Cir. 2002) (internal citations omitted).

      Here, Boustead has taken reasonable steps to serve Leaping. Unlike ATIF, Boustead cannot send a process server to an office in Southern California or anywhere else in the United States because Leaping has no domestic presence. Boustead asked Leaping's counsel (the same counsel representing both defendants) to accept service, but they refused. Boustead has also taken steps to initiate service through the Hague Convention, which will likely take months to complete. *See Sicav v. Wang*, 989 F. Supp. 264, 280 (S.D.N.Y. 2013) (describing the process and timetable of *four to eighteen months* for serving a defendant through the Chinese Ministry of Justice and allowing alternative service).

      The Court has set a sixty-day deadline, beginning October 22, 2020, for Boustead to effect service on Leaping, and Boustead is making every effort to complete service through the Hague Convention before that date. Boustead's Chinese counsel has physically provided Leaping a copy of the papers at its usual place of business in China. (*See* Siegal Decl. Exhibit A). As such, Boustead has taken and continues to take reasonable steps to effect service on Leaping, in order to leave no doubt regarding Leaping's actual notice of the suit and the allegations against them.

      These circumstances require the Court's intervention. This is warranted because Boustead's claims arose from Leaping's abandonment of its IPO to pursue a private transaction with ATIF, and service through Leaping's designated agent, Hunter Taubman, appeared viable. Now, Boustead is

faced with Leaping potentially being immune from service because, unlike ATIF, there is no alternative domestic service path, as explained above. The two options available to Boustead, therefore, are (a) alternative service allowed by the Court or (b) the Hague Convention. The first option is relatively simple and can be achieved quickly. Under the latter scenario, the Chinese government determines whether service occurs, and when, if at all.

Leaping should not be allowed to escape liability because of these service impediments, particularly when they are represented by the same counsel and have actual notice of the allegations and proceeding. Leaping is a crucial party to the case. Both defendants owe Boustead fees pursuant to separate contracts. Further, Leaping will not be prejudiced for the reasons stated above. *See SEC v. HGI, Inc.*, 1999 U.S. Dist. LEXIS 17441 at *4-5; *Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 U.S. Dist. LEXIS 163356, at *13 (due process is satisfied if service is reasonably calculated under the circumstances to apprise interested parties of the action and an opportunity to present their objections). The Court, therefore, should allow Boustead to effectuate service by alternative means.

As a final alternative, the Court should grant Boustead additional time greater than sixty-days to pursue service through the Hague Convention.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant Boustead's motion and permit alternative service of process on Leaping through service on its counsel and ATIF's counsel in this action, or upon ATIF through the prior approved alternative service method.

Date: November 19, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/Jack I. Siegal/
　　　　　　　　　　　　　　　　　　　　　Jack I. Siegal, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　Jameson Pasek, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　MCGLINCHEY STAFFORD, PLLC
　　　　　　　　　　　　　　　　　　　　　One Boston Place, Suite 2910
　　　　　　　　　　　　　　　　　　　　　Boston, MA 02108

        (857) 453-7152 – Phone  
        (617) 830-8385 – Fax  
        jsiegal@mcglinchey.com  
        jpasek@mcglinchey.com  

Ashley "Asher" A. Klein #4733572  
MCGLINCHEY STAFFORD, PLLC  
12 West 34th Street, Suite 1515  
New York, NY 10120  
(646) 362-4061 – Phone  
(646) 365-2091 – Fax  
aklein@mcglinchey.com  
Attorneys for Plaintiff