USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BOUSTEAD SECURITIES, LLC,                  :
                                            :
                    Plaintiff,              :
                                            :              20-CV-3749
         -against-                          :
                                            :          OPINION AND ORDER
LEAPING GROUP CO., LTD AND ATIF             :
HOLDINGS LIMITED,                           :
                                            :
                    Defendants.             :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff Boustead Securities, LLC ("Boustead") sued ATIF Holdings Limited ("ATIF") and Leaping Group Co., Ltd. ("Leaping")[1] for breach of contract. *See generally* Second Am. Compl., Dkt. 115. ATIF has moved to compel arbitration and to either dismiss or stay the case. *See* Def. Not. of Mot., Dkt. 129. For the following reasons, ATIF's motion to compel arbitration is GRANTED, and the case is STAYED.

## BACKGROUND[2]

On or around September 4, 2018, Plaintiff entered into an agreement with ATIF in connection with ATIF's application to become a listed company on a national stock exchange in the United States (the "ATIF Agreement"). Second Am. Compl. ¶ 29; *see also* ATIF Agreement, Dkt. 5-4.

---

[1] The Court granted default judgment against Leaping on November 7, 2022. *See* Default Judgment, Dkt. 150.

[2] When deciding a motion to compel arbitration under the Federal Arbitration Act, courts apply "a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted). The Court therefore considers any pleadings, discovery materials, and affidavits in this case to determine whether there is a genuine issue as to any material fact and whether ATIF is entitled, as a matter of law, to compel arbitration. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ide v. British Airways PLC*, 529 F. Supp. 3d 73, 80 n.1 (S.D.N.Y. 2021).

The ATIF Agreement contains the following arbitration clause:

> Any controversy or claim relating to or arising from this Agreement (an "Arbitrable Dispute") shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the Judicial Arbitration and Mediation Services (the "JAMS") as such rules may be modified herein or as otherwise agreed by the parties in controversy. . . . Following thirty (30) days' notice by any party of intention to invoke arbitration, any Arbitrable Dispute arising under this Agreement and not mutually resolved within such thirty (30) day period shall be determined by a single arbitrator upon which the parties agree.

ATIF Agreement ¶ 8.³

On May 14, 2020, Plaintiff sued ATIF and Leaping for breach of contract; breach of the implied covenant of good faith and fair dealing; tortious interference with business relations; and quantum meruit. *See generally* Compl., Dkt. 1. After ATIF moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), *see* Dkt. 41, Plaintiff timely filed an amended complaint alleging the same causes of action, *see* First Am. Compl., Dkt. 50. The Court granted ATIF's motion to dismiss the Amended Complaint without prejudice on August 25, 2021. *See* Opinion & Order, Dkt. 82.

On November 4, 2021, Plaintiff moved for leave to file a Second Amended Complaint alleging only breach of contract. *See* Dkt. 105. ATIF indicated that it did not oppose the motion, which the Court then granted. *See* ATIF Letter, Dkt. 111; Order, Dkt. 112.

Plaintiff filed the Second Amended Complaint on December 28, 2021, *see* Second Am. Compl, which ATIF moved to dismiss, *see* Dkt. 117. The Court denied the motion to dismiss

---

³ An amendment to the ATIF Agreement dated April 23, 2019, does not change or remove the arbitration clause. *See* Amendment, Dkt. 5-5.

Section 15 of the ATIF Agreement provides in relevant part that ATIF's "failure to insist at any time upon strict compliance with [the agreement] or any of its terms" shall not "constitute or be considered a waiver" by ATIF of "any of [its] respective rights or privileges" under the agreement. ATIF Agreement ¶ 15. That provision does not affect the Court's analysis. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. NCR Corp.*, 376 F. App'x 70, 73 (2d Cir. 2010) (summary order) (affirming the district court's conclusion to "ignore[e]" the non-waiver provision in applicable contracts when deciding whether arbitration had been waived) (citing *S&R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 86 (2d Cir. 1998)).

and set a discovery schedule. *See* Opinion & Order, Dkt. 123. On August 3, 2022, which was the deadline for ATIF to answer or otherwise respond to the Second Amended Complaint, at a time when no substantive discovery had been conducted, *see* Joint Letter, Dkt. 126, at 3, ATIF filed its motion to compel arbitration, *see* Def. Not. of Mot. Apart from exchanging Rule 26(a) initial disclosures, the parties have not engaged in discovery. *See* Def. Mem. in Supp. of Mot., Dkt. 131, at 11; Pl. Mem. in Opp., Dkt. 135, at 4.

## DISCUSSION

Plaintiff does not dispute that the ATIF Agreement contains a valid arbitration clause that applies to Plaintiff's breach of contract claim. *See* Pl. Mem. in Opp. at 1. The Court therefore limits its discussion to whether ATIF waived its right to arbitration, and whether this action should be dismissed or stayed.[4]

### I. Legal Standard

Pursuant to the Federal Arbitration Act ("FAA"), an arbitration clause within any "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2).[5]

---

[4] *See, e.g.*, *REDF Organic Recovery, LLC v. Kafin*, No. 12-CV-7973 (JFK), 2012 WL 5844191, at *4 (S.D.N.Y. Nov. 19, 2012) (solely considering waiver because the non-movant did not dispute the arbitration clause's validity); *Tokio Marine & Fire Ins. Co., Ltd. v. M/V Saffron Trader*, 257 F. Supp. 2d 651, 654–55 (S.D.N.Y. 2003) (same); *Standard Microsystems Corp. v. Dahod*, 84 F. Supp. 2d 396, 397–98 (E.D.N.Y. 2000) (same).

[5] Plaintiff does not dispute that the FAA applies. *See generally* Pl. Mem. in Opp., Dkt. 135; *see also Andre v. Gaines Berland, Inc.*, No. 95-CV-10524 (DC), 1996 WL 383239, at *1 (S.D.N.Y. July 8, 1996) ("The parties do not dispute that the FAA applies to this case, as the contracts at issue evidence transactions involving commerce.") (citing 9 U.S.C. §§ 1–14); 9 U.S.C. § 1 (defining "commerce" as including commerce "with foreign nations").

There is a "strong presumption in favor of arbitration" and waiver of the right to arbitration "is not to be lightly inferred." *Coca–Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir. 2001) (internal quotation marks and citation omitted).[6]

When assessing whether a party has waived its right to arbitration, courts in this Circuit consider "(1) the time elapsed from when litigation was commenced until the request for arbitration" and "(2) the amount of litigation to date, including motion practice and discovery." *La. Stadium & Expo. Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010).[7] There is no "rigid formula" or "bright-line rule" for identifying when a party has

---

[6] Plaintiff suggests that California law may apply to the waiver analysis, but does not argue in favor of its application, because of the ATIF Agreement's choice-of-law provision. *See* Pl. Mem. in Opp. at 7 n.6. Choice-of-law provisions, however, generally "designate only the substantive law to be applied by the arbitrators and do not displace application of federal arbitration law to determine the arbitrability of claims or any defenses thereto such as waiver." *Sierra Telcom Servs., Inc. v. Ericsson Bus. Commc'ns, Inc.*, No. 93-CV-4714 (RPP), 1993 WL 322805, at *6 (S.D.N.Y. Aug. 17, 1993); *see also Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997) ("[E]ven the inclusion in the contract of a general choice-of-law clause does not require application of state law to arbitrability issues, unless it is clear that the parties intended state arbitration law to apply on a particular issue.") (citations omitted); *Smith v. Allstate Power Vac, Inc.*, 482 F. Supp. 3d 40, 47 (E.D.N.Y. 2020) ("In cases where the FAA is applied, the issue of waiver by litigation is typically governed by the body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.") (internal quotation marks and citation omitted).

[7] The Second Circuit previously considered a third factor: the extent to which arbitration would prejudice the non-movant. *See La. Stadium & Expo. Dist.*, 626 F.3d at 159. The Supreme Court recently held in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1711 (2022), however, that the FAA does not authorize federal courts to create an "arbitration-specific procedural rule" that a party only waives its arbitration right when "its conduct has prejudiced the other side." The Supreme Court therefore instructed the Eighth Circuit, whose waiver rule derived from Second Circuit caselaw, to "[s]trip[]" the prejudice requirement from its waiver analysis so that its "current waiver inquiry would focus on" the test's remaining factors, which probed the *movant's* conduct as opposed to "the effects of" the movant's conduct on the opposing party. *Id.* at 1713–14.

The Second Circuit has not yet had occasion to decide whether *Morgan* invalidates its entire, three-part test for waiver in the context of arbitration, or whether it merely strips away the prejudice requirement. *See Herrera v. Manna 2nd Ave. LLC*, No. 20-CV-11026 (GHW), 2022 WL 2819072, at *7–8 (S.D.N.Y. July 18, 2022) ("[C]ourts may be forced to interpret whether *Morgan* instructs courts to adopt general waiver analysis, or instead instructs courts to strip any prejudice requirement from their existing analysis of waivers of the right to arbitration under the FAA."). The Second Circuit recently recognized, however, that *Morgan* "fully support[ed]" its determination, in a pre-*Morgan* decision applying the three-part test, that a movant had not waived its right to arbitrate because its conclusion rested "not merely" on a lack of prejudice to the non-movant but also on the fact that the movant had not "engaged in litigating any substantial merits questions" before seeking arbitration. *Nicosia v. Amazon.com, Inc.*, No. 21-2624, 2023 WL 309545, at *4 n.2 (2d Cir. Jan. 19, 2023) (quoting *Nicosia v. Amazon.com, Inc.*, 815 F. App'x 612, 614–15 (2d Cir. 2020)).

4

waived its right to arbitration. *Id.* A party generally waives its right to arbitrate, however, "when it engages in protracted litigation, such as extensive pre-trial discovery and substantive motions over the course of several months before seeking arbitration." *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 101 (S.D.N.Y. 2017) (quoting *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107–08 (2d Cir. 1997)).

Pursuant to Section 3 of the FAA, if a district court concludes that arbitration is appropriate, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had[.]" 9 U.S.C. § 3. The FAA "mandate[s] a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). A court may dismiss a case in favor of arbitration, however, if no party has requested a stay. *See Benzemann v. Citibank N.A.*, 622 F. App'x 16, 18 (2d Cir. 2015) (summary order) (concluding that the district court did not err by dismissing an action in favor of arbitration because no party requested a stay); *Aleksanian v. Uber Techs. Inc.*, 524 F. Supp. 3d 251, 264 (S.D.N.Y. 2021) (dismissing a case after granting defendants' motion to compel arbitration).

## II. ATIF Has Not Waived Its Right to Arbitration

ATIF has not waived its right to arbitration: its delay in moving for arbitration is not dispositive, it has not answered the Complaint, and the parties have engaged in almost no discovery.

---

The Court therefore applies the Second Circuit's preexisting waiver analysis, specific to arbitration, but without taking into account prejudice. *See De Jesus v. Gregorys Coffee Mgmt., LLC*, No. 20-CV-6305 (MKB), 2022 WL 3097883, at *7 & n.6 (E.D.N.Y. Aug. 4, 2022) (applying a two-part arbitration waiver analysis in light of *Morgan*); *Carollo v. United Capital Corp.*, No. 16-CV-00013 (DNH), 2022 WL 9987380, at *3 (N.D.N.Y. Oct. 17, 2022) (same). Moreover, the Court considers cases applying the Second Circuit's prejudice analysis good law to the extent they discuss grounds for or against waiver independent of prejudice.

### A. Time Elapsed

The fact that ATIF waited over two years to request arbitration weighs against granting its motion, but it is well established that delay alone does not require a finding of waiver in this context. *See Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) (noting that the Second Circuit "has refused to find waiver in a number of cases where delay in trial proceedings was not accompanied by substantial motion practice or discovery" and collecting cases); *De Jesus*, 2022 WL 3097883, at *8 ("[D]elay alone cannot support a finding of waiver in the context of arbitration.") (collecting cases); *Pierre v. Rochdale Vill. Inc.*, No. 18-CV-6383 (MKB), 2020 WL 6799635, at *7 (E.D.N.Y. Nov. 19, 2020) (same).

Courts have correspondingly concluded that there was no waiver even in the face of years-long delays. *See, e.g.*, *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (concluding that there was no waiver despite a three-year delay); *Sweater Bee by Banff, Ltd. v. Manhattan Indus.*, 754 F.2d 457, 461 (2d Cir. 1985) (concluding that there was no waiver despite a two-year delay); *Brady v. W. Overseas Corp.*, No. 04-CV-2878 (JS), 2009 WL 1472736, at *3 (E.D.N.Y. May 22, 2009) (concluding that there was no waiver despite a five-year delay); *Thomas v. A.R. Baron & Co.*, 967 F. Supp. 785, 789 (S.D.N.Y. 1997) (concluding that there was no waiver despite an eighteen-month delay). ATIF's delay is therefore not fatal to its motion.[8]

### B. Litigation to Date

The paucity of substantive litigation in this case to date weighs in favor of granting ATIF's motion. ATIF has not yet answered, and the parties have engaged in virtually no discovery. Courts have repeatedly recognized that this posture weighs against finding that the

---

[8] The Court also notes that it was somewhat delayed in resolving ATIF's second motion to dismiss, contributing to the case's extended timeline.

defendant waived its right to arbitration. *See, e.g.*, *In re Generali COVID-19 Travel Ins. Lit.*, 577 F. Supp. 3d 284, 294 (S.D.N.Y. 2021) (concluding that waiver did not apply in part because there had been "no discovery" and the proceedings "primarily involved" consolidation, a motion to dismiss, and a motion to compel arbitration); *Katsoris*, 237 F. Supp. 3d at 103 (concluding that the extent of litigation did not weigh in favor of waiver because "[a]lthough the parties ha[d] briefed outstanding motions, they [had] not conducted any discovery"); *Danny's Const. Co., Inc. v. Birdair, Inc.*, 136 F. Supp. 2d 134, 144 (W.D.N.Y. 2000) (concluding that the extent of litigation did not weigh in favor of waiver because the parties engaged in no discovery and minimal motion practice).

Although ATIF has filed three motions to dismiss and the parties have briefed two of them, ATIF filed its third motion only after the Court had dismissed Plaintiff's case in its entirety. Moreover, ATIF consented to Plaintiff's motion for leave to amend. Courts have long concluded that such pre-answer motion practice does not constitute the sort of significant litigation that weighs in favor of finding that there has been a waiver of an arbitration agreement.[9] *See Rush v. Oppenheimer & Co.,* 779 F.2d 885, 888 (2d Cir. 1985) (concluding that defendants did not waive their right to arbitration even though the court had partially denied their motion to dismiss);[10] *Murray v. UBS Secs., LLC*, No. 12-CV-5914 (KPF), 2014 WL 285093, at

---

[9] Plaintiff asserts that granting ATIF's motion would give it "a second chance in another forum." Pl. Mem. in Opp. at 6–7. But the cases that it cites for this proposition do not weigh in favor of waiver in this case. *See Rush v. Oppenheimer & Co.,* 779 F.2d 885, 888 (2d Cir. 1985) (concluding that defendants were *not* guilty of forum shopping just because they moved to dismiss and answered without raising their right to arbitration); *La. Stadium & Expo. Dist.*, 626 F.3d at 160-61 (finding waiver and forum shopping when the *plaintiff* moved for arbitration after defendants (1) filed a motion to remove the case to federal court, (2) filed a motion to transfer the case to the Southern District of New York, (3) moved to stay the proceedings pending a related decision from the Multidistrict Litigation Panel, (4) submitted a lengthy letter identifying deficiencies in the plaintiff's second amended complaint, (5) filed an answer to the plaintiff's third amended complaint, and (6) began work on a motion for judgment on the pleadings).

[10] Plaintiff suggests that *Rush* is no longer persuasive (despite also citing the case) because it applied the prejudice analysis rejected by the Supreme Court in *Morgan*. *See* Pl. Mem. in Opp. at 1, 5. Although the Second Circuit's prejudice jurisprudence is no longer good law, the Second Circuit concluded in *Rush* that "none of the

*6 (S.D.N.Y. Jan. 7, 2014) (holding defendants' motion to dismiss was not a sufficient basis on which to find waiver given "Second Circuit precedent to the contrary" and collecting cases); *Becker v. DPC Acquisition Corp.*, No. 00-CV-1035 (WK), 2002 WL 1144066, at *13 (S.D.N.Y. May 30, 2002) (concluding that defendants did not waive their right to arbitration by litigating motions to dismiss or by requesting extensions of time to brief their motions); *cf. Sweater Bee by Banff, Ltd.*, 754 F. 2d at 463 (noting that a plaintiff bringing a claim related to an arbitrable claim should not be surprised by a pre-answer motion to dismiss); *Chatham Shipping Co. v. Fertex Steamship Corp.*, 352 F.2d 291, 293 (2d Cir. 1965) (noting that the "earliest point at which a party may ordinarily waive its right to arbitration is when that party files an answer on the merits").

For all of those reasons, ATIF has not waived its right to arbitration, and its motion to compel arbitration is GRANTED.

### III.    The Case is Stayed

ATIF requests that the Court dismiss the action or, in the alternative, that it enforce a stay. *See* Def. Mem. in Supp. of Mot. at 13. Plaintiff does not state a preference for either disposition. *See generally*, Pl. Mem. in Opp.

The Second Circuit has opined that district courts may not dismiss an action instead of staying the action pending arbitration if a party requests "either a stay or dismissal." *Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 20–21 (2d Cir. 2016) (summary order). The Court, therefore, opts to stay the case.

---

factors" it discussed, "whether viewed individually or in combination," warranted a finding of waiver, and separately concluded (before assessing prejudice) that defendants' motion practice did not preclude it from ordering the parties to arbitrate. 779 F.2d at 887–88. *Rush*, therefore, continues to have some bearing on this case.

8

## CONCLUSION

For the foregoing reasons, ATIF's motion to compel arbitration is GRANTED and this case is STAYED pending arbitration.  Not later than **Monday, May 15, 2023**, the parties must submit a joint status update, and must continue doing so on the first business day of the month every three months thereafter until the matter is resolved.

The Clerk of Court is respectfully directed to close the open motion at docket entry 129 and to stay the case.

**SO ORDERED.**

Date:  **February 14, 2023**
       **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**