```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Boustead Securities, LLC,

                Plaintiff,

         -v-

Leaping Group Co., Ltd., and ATIF Holdings Limited,

               Defendants.

**ORDER**

20-CV-03749 (VEC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Pursuant to this Court's October 25, 2024, Scheduling Order for Damages Inquest, on December 6, 2024, Boustead Securities, LLC ("Boustead") filed a Proposed Findings of Fact and Conclusions of Law ("Prop. Findings") and an Affidavit of Jack I. Siegal in Support ("Siegal Affidavit") concerning all damages and relief permitted under the entry of default judgment. Dkt. Nos. 184–186. For the following reasons, I am unable to make a determination on the inquest based solely on Boustead's written submissions.

"Where a defaulting defendant has not made any submission on a damages inquest, the Court must assess whether the plaintiff has provided a sufficient basis for the Court to determine damages." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y 2012). Damages can only be based on admissible evidence. *Am. Jewish Comm. v. Berman*, No. 15-CV5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). More specifically, "a plaintiff must submit sufficient evidence in the form of detailed

1

affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014); *see also* Fed. R. Civ. P. 55(b)(2).

Boustead's written submissions are insufficient to independently establish damages, as the evidence substantiating their claims—the Expert Disclosure of Patrick O'Shea—is inadmissible hearsay. *See* Proposed Findings; Exhibit A, Siegel Affidavit, Dkt. No. 186. Mr. O'Shea has not himself submitted an affidavit; his Expert Disclosure was prepared by counsel and submitted in an arbitration proceeding between Boustead and former defendant ATIF Holdings Limited. *See id.* The supporting affidavit from plaintiff's counsel, Jack Siegel, asserting that the Disclosure had not been edited since its submission in the arbitration proceedings, is not a substitute for Mr. O'Shea's own sworn statement confirming the truth of the assertions in his Disclosure. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d. Cir. 1999) (holding that the allegations in the complaint and supporting affidavit of plaintiff's counsel were not sufficient evidence to alone establish the amount of damages); *see generally* Fed. R. Ev. 801(c).

Separately, the Disclosure itself does not provide a sufficiently detailed explanation of the methodologies and reasoning underlying Mr. O'Shea's damages calculations. Given this lack of detail and Plaintiff's reliance on Mr. O'Shea's

analysis in its written submissions for relief upon the default judgment, it is hereby

**ORDERED** that:

1. The Court will hold a hearing on the default judgment on **April 23 at 11:00 a.m.** in Courtroom 21D, 500 Pearl Street, New York, NY 10007. If "it is necessary to take account or determine the amount of damages…the court may conduct such hearings or order such references as it deems necessary and proper." *Credit Lyonnais*, 183 F. 3d 151 at 154 (quoting Fed. R. Civ. P. 55(b)(2)).

2. Plaintiff is directed to have Mr. Patrick O'Shea appear and provide sworn testimony concerning his conclusion as to the amount of damages and the methods of analysis described in his Expert Disclosure; in particular, the basis for the specific inputs chosen for the Black-Scholes model.

**SO ORDERED.**

Dated: April 3, 2025
     New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

3