| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>  BOUSTEAD SECURITIES, LLC,<br><br>                                              Plaintiff,<br><br>              -against-<br><br>  LEAPING GROUP CO., TLD. & ATIF<br>  HOLDINGS LTD.,<br>                                              Defendants.<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 10/28/2025<br><br>20-CV-3749 (VEC)<br><br>AMENDED ORDER<br>ADOPTING REPORT &<br>RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

      WHEREAS Plaintiff Boustead Securities, LLC ("Boustead") sued defendants Leaping Group Co., Ltd ("Leaping") and ATIF Holdings Limited ("ATIF") for breach of contract;

      WHEREAS the Court awarded a default judgment against defendant Leaping, Dkt. 150;

      WHEREAS the Court referred this case to Magistrate Judge Henry J. Ricardo for an inquest into damages, Dkt. 182;

      WHEREAS on July 31, 2025, Judge Ricardo entered a Report & Recommendation ("R&R") recommending that Boustead be awarded damages in the amount of $794,062 plus prejudgment interest, Dkt. 199 at 14;

      WHEREAS in the R&R, Judge Ricardo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, Dkt. 199 at 14;

      WHEREAS Judge Ricardo further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

      WHEREAS no objection was filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee Note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full, and damages are awarded in the amount of $794,062 plus prejudgment interest.

CPLR § 5001 governs prejudgment interest, which should be determined using the principal amount of $794,062. Prejudgment interest should be calculated starting April 22, 2020, which is "the earliest ascertainable date the cause of action existed," *see* CPLR § 5001(b), and at a rate of 9% per annum, *see* Dkt. 199 (citing CPLR §§ 5001, 5004).

Because the R&R gave the parties adequate warning, *see* Dkt. 199 at 14, the failure to file any objections to the R&R precludes appellate review of this decision, *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Clerk of the Court is respectfully directed to enter judgment for Boustead in the amount of $794,062 plus prejudgment interest per the above instructions and close the case.

**SO ORDERED.**

Date: October 28, 2025
New York, New York

_____
VALERIE CAPRONI
United States District Judge

3